UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRIS PHILLIPS,

              Plaintiff,

      v.

LARRY MAYES AND HIS MARITAL COMMUNITY,

              Defendant.

CASE NO. C10-2067RSM

ORDER ON PENDING MOTIONS

This matter is before the Court for consideration of two motions filed by defendant: a Rule 35 motion for a physical examination, and a Rule 37 and Rule 41 motion to dismiss as a sanction for plaintiff's litigation conduct. Dkt. ## 77, 79. Plaintiff has opposed both motions, and has moved to strike certain exhibits attached to defendant's declaration. Dkt. # 102. The Court deferred ruling on the Rule 35 motion until it could consider the motion to dismiss. Dkt. # 86. Oral argument was held on November 4, 2011, with plaintiff appearing by telephone. Dkt. # 104. Having considered both motions, plaintiff's response, defendant's reply, and the balance of the record, the Court now makes the following summary rulings:

ORDER - 1

1       (1) <u>Plaintiff's Motion to Strike</u> (Dkt. # 102)

2     Plaintiff has moved to strike Exhibits A and D to the Declaration of John Fritts (Dkt. # 94), which are letters written to plaintiff by defense counsel or their staff. The motion is GRANTED as to Exhibit A, which was not written by Mr. Fritts, and DENIED as to Exhibit D, which is properly described as written by co-counsel Tom Schwanz. Plaintiff also moves to strike Exhibit A to the Declaration of Andrea Kato (Dkt. # 96). As to this exhibit, which is a copy of the Facebook page of plaintiff's wife, the motion is GRANTED.

      (2) <u>Defendant's Rule 35 Motion</u> (Dkt. # 77)

    Defendant has moved to compel plaintiff's attendance at an independent medical examination ("IME"), pursuant to Fed.R.Civ.P. 35. This rule provides, in relevant part, that the Court may order a party "whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a). Pursuant to this rule, defendant served on plaintiff a Notice of Physical Examination on September 21, 2011, directing him to appear in Seattle on October 12, 2011 for an examination by John Hamm, M.D. Declaration of Morgan Smith, Dkt. # 78, Exhibit 3. Anticipating that plaintiff may decline to appear on that day, defendant then filed this motion, noting it in time for the Court to rule and direct plaintiff to appear. In light of the pending motion to dismiss, however, the Court declined to rule on this motion, because a ruling on the motion to dismiss could render it moot. Dkt. # 86. As the Court has determined, as set forth below, that the case shall not be dismissed at this time, it shall now rule on the Rule 35 motion.

    Plaintiff has opposed the motion on the basis that defendant's disclosure of Dr. Hamm as an expert witness was late. Defendant responds that he is a rebuttal witness and disclosure is not late. The Court finds that there is no question that defendant is entitled to conduct a Rule 35 examination. Therefore, to whatever extent necessary, the Court shall grant an extension of discovery and disclosure deadlines for the limited purpose of allowing defendant's expert to conduct an independent medical exam of plaintiff.

    Defendant's motion to compel a Rule 35 examination (Dkt. # 77) is accordingly GRANTED, as set forth in greater detail below.

ORDER - 2

(3) <u>Defendant's Motion to Dismiss Pursuant to Rules 37 and 41</u> (Dkt. # 79)

Defendant has moved to dismiss the complaint and action as a sanction for plaintiff's failure to comply with Court orders and the Federal Rules of Civil Procedure. Among the acts cited by defendant are plaintiff's failure to provide discovery and his failure to pay a Court-ordered award of fees and costs of $2570.50 for defendant's success in a motion to compel (Dkt. # 75). In reply to the motion, defendant added the additional grounds of plaintiff's failure to appear for his October 11, 2011 and October 17, 2011 depositions, his unilateral striking of a deposition of plaintiff's expert Dr. Cohen, and his refusal to accept communication by e-mail, fax, U.S. mail, and telephone.

These matters were discussed at the November 4, 2011 hearing on the motion. Plaintiff responded, in effect, that he has provided over 17,000 pages of discovery, that his desperate financial condition prevents him from paying the fee award, and that flying to Seattle on short notice for a deposition is expensive and inconvenient. He did state in his opposition papers that he had made a "good faith effort" to pay, but could not identify that effort at the hearing. Dkt. # 89, p. 1. With respect to the communication issues, he stated that his e-mail account was shut down by the provider, Yahoo, who suspected him of being a "spammer." He stated that he had never avoided telephone calls, that defendant "knew" he was at an alternate location in Boston during the relevant period, and that defendant used his home phone number instead of his fax number when attempting to communicate by fax. The Court notes that it was aware of plaintiff's e-mail difficulties, as e-mails from the Court were returned undelivered on numerous occasions throughout October 2011. Court staff contacted plaintiff by telephone to inquire about this on October 5, 2011. Plaintiff was not available, but later returned the call. Subsequently, on or about October 12, 2011, Court staff attempted to call plaintiff to advise him of the scheduled hearing, and no one answered. As plaintiff's e-mail was not functioning at that time, notice of the hearing was sent to plaintiff by registered mail. Dkt. # 90.

Pursuant to Rule 37, sanctions available for a party's failure to obey an order to provide discovery, or to attend a deposition, include prohibiting the disobedient party from supporting his claims or from introducing designated matters into evidence, striking pleadings in whole or in part, staying further proceedings, and dismissing the action in whole or in part. Fed.R.Civ.P. 37(b)(2)(A) (ii) - (v);

ORDER - 3

Fed.R.Civ.P. 37(d)(3).   Rule 41 provides for dismissal of an action for plaintiff's failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to obey a Court order.  Fed.R.Civ.P. 41(b).  However, "dismissal is a harsh penalty and, therefore, it should only be imposed in *extreme circumstances.*"  *Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260 (9th Cir. 1992)  (emphasis in original).  Before ordering such a sanction,  the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. "  *Yourish v. California Amplifier,* 191 F. 3d 983, 990 (9th Cir. 1999) *(quoting Ferdik,* 963 F. 2d at 1261.  The Court should also consider  the presence of willfulness, bad faith, or fault by the offending party.  *Halaco Engineering Co. v. Costle*, 843 F.2d 376 (9th Cir. 1988).

The Court now finds, as set forth above, that plaintiff has failed to comply with discovery orders, failed to pay a sanction ordered, failed  to continuously maintain a telephone number and e-mail address at which the Court and opposing counsel may contact him, and failed to attend his properly noticed deposition.  Sanctions are appropriate, but the Court finds that sanctions less drastic than dismissal  are available and appropriate at this time.  Therefore, it is not necessary to address all the factors set forth above.  The Court makes no findings as to plaintiff's willfulness or bad faith at this time, leaving that determination to a later time if it becomes necessary.

Defendant's motion for sanctions is accordingly GRANTED IN PART and DENIED IN PART.  It is DENIED in that the Court declines to dismiss the action at this time.  It is GRANTED in that the Court now imposes the following conditions upon plaintiff for the continuation of this action:

(1) No evidence which has not already been produced by plaintiff in usable form may be used by plaintiff in support of his claims, whether on summary judgment or at trial;

(2) Within ten (10) days of the date of this Order, plaintiff shall identify at least five (5) separate two-day blocks of time when he can travel to Seattle to attend his deposition and his Rule 35 independent medical examination, which shall take place on successive days.   The discovery cut-off date shall be extended to January 12, 2012, solely for the purpose of plaintiff's and Dr. Cohen's depositions and plaintiff's IME, so no dates after January 12, 2012 can be selected by plaintiff.

ORDER - 4

Defendant may, solely at defendant's discretion, stipulate to a later cutoff date if necessary to accommodate Dr. Hamm's availability or defense counsel's schedule.   Once plaintiff has identified his dates of availability, defendant shall provide at least one week's notice to plaintiff for the deposition and IME.  One week's notice shall be deemed reasonable in light of the leave given plaintiff to select the dates when he can be available.

(3) Defendant shall be allowed an opportunity to depose Dr. Cohen, or her report shall be excluded as evidence on plaintiff's behalf.  Such deposition may take place at such time as plaintiff is already in Seattle for his own deposition and IME.  If Dr. Cohen is not available at that time, her deposition may occur at such other time as she is available, and plaintiff may appear by telephone.

(4)  Plaintiff shall, beginning December 15, 2011, make monthly payments of $200 toward the Court-ordered Rule 37 sanction for attorneys' fees and costs of $2570.50.   Payments shall be made on the 15th day of each succeeding month until paid.  Plaintiff shall take care to ensure that he posts the payment sufficiently ahead of time that it can timely reach defendant.   Plaintiff's alleged indigence is no excuse for failure to pay; it is a matter of record that he has disability income amounting to more than $3000 per month.  He has initiated this lawsuit and is responsible for prioritizing his income to cover expenses that may be incurred as it progresses.

(5) Plaintiff shall maintain a current e-mail address and shall provide a telephone at which he can be reached, or a recorded message left, between the hours of 8:00 a.m. and 3:00 p.m., Pacific time, on weekdays.

In the event plaintiff fails to comply with any of these conditions, the Court shall entertain a renewed motion for the sanction of dismissal.

DATED: November 22, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5